[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2008
THOMAS K. KAHN
CLERK

No. 07-13776
Non-Argument Calendar
_____

D. C. Docket No. 05-00843-CV-5-CLS

RICKY LEE SCHEUERMAN,

Plaintiff-Appellee,

versus

HUNTSVILLE, ALABAMA, CITY OF,
a municipal corporation,

Defendant,

JEFFREY WEABER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 12, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellee Rickey Lee Scheuerman sued Appellant Investigator Jeffrey Weaber, asserting Fourth Amendment unlawful arrest/imprisonment and excessive force claims under 42 U.S.C. § 1983 and claims of assault and battery and unlawful detention under Alabama law. The district court determined Appellant was not entitled to qualified immunity from the excessive force claim or discretionary function immunity from the state law claims, and it denied Appellant's motion for summary judgment.[1] On appeal, Appellant contends the force he used against Appellee was reasonable under the circumstances, since a reasonable officer could have objectively believed Appellee was using his vehicle as a deadly weapon. As to the state law claims, Appellant asserts he was engaged in a discretionary function and Appellee failed to overcome the presumption of discretionary function immunity by showing Appellant acted willfully, maliciously, fraudulently, or in bad faith.

On the excessive force claim, the district court determined Appellant's use of deadly force was not objectively reasonable under the totality of the

---

[1]The district court correctly dismissed Appellee's federal unlawful arrest claim, since Appellant never arrested Appellee. However, the court noted Appellee's unlawful detention claim was also one for false imprisonment. Appellant's summary judgment motion did not address the false imprisonment claim, instead focusing solely on why Appellee's false arrest claim was due to be dismissed. So, the false imprisonment claim was not before the district court, who noted the claim would be addressed at trial. Since the district court did not address the false imprisonment claim in ruling on summary judgment, the claim is not before us on appeal.

circumstances. Also, the court noted summary judgment on the grounds of qualified immunity was inappropriate, since Appellee created a serious factual dispute as to Appellant's version of the events. Finally, the court decided Appellant violated clearly established law of which a reasonable officer would have known, based on the Supreme Court's having ruled deadly force may not be used on an unarmed burglary suspect merely to prevent escape. *See Tennessee v. Garner*, 471 U.S. 1, 21 (1985). The court concluded it was clearly established at the time of the incident that the actions alleged by Appellee were unconstitutional.

As to the state law claims against Appellant, the district court noted both federal and Alabama courts have recognized statutes or police department rules may eliminate an officer's discretion, making discretionary function immunity unavailable. The court then set forth various Huntsville Police Department directives, which Appellant would have violated under Appellee's version of the events. The court concluded these violations would strip Appellant of discretionary function immunity.

We review the district court's denial of summary judgment based on qualified immunity *de novo*, construing all facts in the light most favorable to the non-moving party. *Tinker v. Beasley*, 429 F.3d 1324, 1326 (11th Cir. 2005). After carefully examining the record, the parties' briefs, and the district court's

extensive opinion, we conclude the district court did not err in denying Appellant's summary judgment motion. Appellant's alleged use of deadly force was clearly unreasonable under the totality of the circumstances, and Appellant had fair warning his conduct violated Appellee's constitutional rights. Thus, Appellant is not entitled to qualified immunity from Appellee's excessive force claim. As to the state law claims, even if Appellant were engaged in a discretionary function during the incident, he is not entitled to discretionary function immunity at the summary judgment stage, since Appellee has raised a genuine issue of material fact as to whether Appellant acted willfully, maliciously, or in bad faith.

**AFFIRMED.**